IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AGUEDA ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:20-cv-01128 |
| ) | |
| METAL FINISHING CO., INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Agueda Robertson, through counsel Sean McGivern of Graybill & Hazlewood, LLC, states and alleges as follows for her cause of action against Defendant Metal Finishing Co., Inc.:

1. Plaintiff Agueda Robertson is a resident of the state of Kansas and a United States citizen.

2. Defendant Metal Finishing Co., Inc. is a Kansas corporation with its principal place of business in Wichita, Kansas. It is the largest privately owned aerospace processing company in North America.

3. At all times relevant to the allegations in this Complaint, Defendant had at least 500 full-time employees.

4. Defendant employed Plaintiff, on a full-time basis, from January of 1998 until January 24, 2018.

1

5. Plaintiff is a female, over 40 years of age, Hispanic, and of Mexican ancestry and national origin.

6. According to Richard Smith, Defendant's Vice President, Defendant can employ two Mexicans for the cost of one raise payable to a white employee.

7. Defendant carried out this discriminatory policy against Plaintiff.

8. Plaintiff was employed as a masking planner.

9. For years, Defendant regularly told Plaintiff that it could not afford to spend money on Catia software or training for her.

10. Yet, in 2017, Defendant purchased Catia and paid for training for two of masking planners who are Caucasian and substantially younger than Plaintiff.

11. Defendant restricted Plaintiff's overtime and allowed younger, Caucasian employees to record overtime.

12. Defendant paid younger, Caucasian employees with much less experience, almost as much per hour as Defendant paid Plaintiff.

13. In addition to taking away Plaintiff's overtime, Defendant failed to pay Plaintiff for all hours worked on several occasions in 2015 & 2016.

14. Shortly after firing Plaintiff, Defendant paid one of the younger Caucasian employees a greater hourly rate than Plaintiff.

15. From 2016 until approximately June of 2017, Plaintiff was subjected to a hostile work environment based upon her race, national origin, and gender.

16. The harassment included comments by several coworkers such as:

    i. "I wonder if Mexicans know how to swim."

ii. "Beaners should stay in Mexico."

iii. "Mexicans should never have crossed the border."

iv. When speaking about a parking lot that appeared to be flooded, "I need to ask Mexicans to bring their boat to work."

v. "Kick the rats out."

vi. "People with broken English shouldn't have certain types of jobs."

vii. "They need to stay out of our way."

viii. "These are really messy, messy Mexicans and I do not like them."

ix. "Messy-cans!"

x. Referring to Hispanic individuals not of Mexican descent, "They came across the same river as the Mexicans did."

xi. "You know what, Donald Trump will take care of them."

xii. "That will be nice if he sends them back to Mexico."

xiii. "I went to Taco Bell… I do not want to order my lunch from broken English speakers."

xiv. "Donald Trump will run them south."

xv. "I cannot wait for the Mexicans to leave our country … they never should have come here in the first place."

xvi. "We have to wait for Donald Trump and his wall."

xvii. "Bitch."

xviii. "Short candy cane."

xix. "I have to call immigration on her."

xx. "Trump is going to put her on minimum wage, cleaning floors."

xxi. "You guys got your green cards?"

xxii. "She is a messy Mexican."

xxiii. "I am going to vote for Trump just to see them running on the other side of the border."

xxiv. "The Mexicans are going to pay for the wall."

xxv. "I want to do something meant to her, put dirt on her desk."

xxvi. "These stupid Mexicans should say 'gracias' if they do not know how to say 'thank you' when I open the door for them."

xxvii. "This bitch stinks."

xxviii. "I am going to build the Mexican wall."

xxix. "I am going to build mine but with no gates!"

xxx. "With cameras or no cameras we are still going to put shit on her desk."

xxxi. "People who come to the USA need to know we have toilets to flush nasties!"

xxxii. "I cannot go on break because these stupid Mexicans cannot answer the phone."

17. Coworkers did mean and terrible things to Plaintiff including placing worms in and on her desk, locking doors on her, stealing her money, spraying Lysol on her, knocking down books on her desk, dumping her coffee out, and making hand-gun gestures towards Plaintiff.

18. Defendant took away Plaintiff's color printer in August 2016.

19. Defendant took away Plaintiff's internet access at work in the summer of 2017, for no apparent reason.

20. Defendant required Plaintiff to answer company phones but did not train her on how the phones worked.

21. In June 2017, Plaintiff filed a complaint with Kansas Human Rights Commission over Defendant's discriminatory conduct.

22. Defendant's human resources personnel interrogated Plaintiff about her KHRC charge.

23. Plaintiff complained about discrimination and unfair treatment to her boss and to the company's human resources personnel.

24. Defendant's human resources personnel responded to Plaintiff's complaints of discrimination by calling her paranoid and lamenting that they had to fire a seventeen-year employee because of her.

25. In September 2017, after a failed KHRC mediation, Defendant moved Plaintiff to a new office upstairs in Defendant's facility.

26. Defendant assigned Plaintiff to an upstairs office even though Defendant knew that Plaintiff had back issues, from a prior work injury.

27. Plaintiff presented Defendant with a doctor's note on October 31, 2017, that included restrictions of no walking more than five stairs at a time, due to herniated disc.

28. Defendant moved Plaintiff to a different office that had not been cleaned for years – there were fingernail clippings, mouse droppings, and other trash in the desk.

29. Plaintiff sought assistance from Defendant's janitorial staff in cleaning her new office, but Defendant told her to clean it herself.

30. In November of 2017, Defendant refused to permit Plaintiff to work through her lunch (on the clock), to account for time missed due to physical therapy appointments.

31. Defendant allowed other employees flexibility with their work schedules.

32. Plaintiff presented permanent restrictions to Defendant on December 28, 2017, limiting Plaintiff to no lifting over 20 pounds and no stairs.

33. Defendant worked Plaintiff in excess of her restrictions by putting her on the assembly line.

34. On December 21, 2017, Plaintiff sought time off work to care for her father, who was in poor health.

35. Defendant granted Plaintiff's request for leave.

36. Plaintiff returned to work on January 24, 2018 and was promptly fired by Richard Smith.

37. As of the date of her termination, Plaintiff had received no warnings or discipline.

38. Defendant disregarded its progressive discipline policy in firing Plaintiff.

39. Defendant has failed & refused to pay Plaintiff vacation pay that it owes her.

40. Defendant violated Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; the Family Medical Leave Act, 29 U.S.C. §

2601 et seq.; the Kansas Act Against Discrimination, K.S.A. 44-1001 et seq.; and the Kansas Wage Payment Act, K.S.A. 44-313 et seq.

41. Plaintiff has been harmed by Defendant's illegal conduct.

42. The State of Kansas Human Rights Commission determined that Defendant violated Plaintiff's civil rights and retaliated against Plaintiff for engaging in protected activities.

43. Plaintiff has exhausted all necessary administrative remedies.

WHEREFORE, Plaintiff Agueda Robertson prays that judgment be entered in her favor, and against Defendant Metal Finishing Co., Inc.., for damages in excess of $75,000.00, representing economic losses, noneconomic losses, compensatory damages, general damages, liquidated damages, punitive damages, attorneys fees and costs, and all other relief that the Court deems just and equitable.

**Plaintiff Agueda Robertson demands trial by jury.**

**Plaintiff Agueda Robertson designates Wichita, Kansas as the place of trial.**

Dated: May 18, 2020.                                  SUBMITTED BY:

GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
218 N. Mosley St.
Wichita, KS 67202
Telephone: (316) 266-4058
Fax: (316) 462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
*ATTORNEYS FOR PLAINTIFF*